IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARIE J. HAMMOND,           )
                            )
        Plaintiff,          )
                            )
        v.                  )      CIVIL ACTION NO: 2:08cv1024-WKW
                            )
MIKE KEEHN, *et al.*,        )
                            )
        Defendants.         )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.    BACKGROUND

On 29 December 2008, Plaintiff Marie J. Hammond (Hammond) filed a Complaint (Doc. #1) against Defendants Mike Keehn (Keehn) and Hager Hinge Company (Hager). Hammond's Complaint alleged Defendants failed to promote her, that she was harassed while at work and retaliated against for complaining about discrimination, and was denied overtime.  The Complaint alleged that these acts of discrimination were committed on the basis of her race, gender, and age, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  On 5 January 2009, the case was referred to the undersigned for "further proceedings and determination or recommendation as may be appropriate." (Doc. #4).  On 6 January 2009, after determining that Hammond's Complaint suffered from fatal defects, the Court ordered that the case be stayed pending review under 28 U.S.C. § 1915 and that Hammond amend her Complaint to include specific facts in support of her allegations.  *See* (Doc. #5).  Hammond filed an Amended Complaint on 30 January 2009.  (Doc. #8).  After

a review of Hammond's Complaint, as amended, the Court ordered Hammond to supplement her Complaint with specific facts relating to her failure to promote claim and that she attach a copy of her Equal Employment Opportunity Commission ("EEOC") complaint to her supplement.

For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS that: Plaintiff's claims of failure to promote, harassment, and retaliation be DISMISSED; that the claim of denial of overtime based on race be DISMISSED; that Defendant Keehn be DISMISSED from this action; that these dismissals occur without any further opportunity for amendment, and prior to service, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B) (2000); and that the case be referred back to the undersigned for further proceedings on Plaintiff's remaining claims of denial of overtime based on age and gender.

## II.    DISCUSSION

28 U.S.C. § 1915 provides, in pertinent part, that: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).   In reviewing Hammond's Complaint, as amended, the Court has determined that most of Hammond's allegations fail to state a claim upon which relief may be granted.

### A.    *Failure to promote*

"[A] private plaintiff must file an EEOC complaint against the discriminating party

and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge." *Forehand v. Fl. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996). "The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Gregory v. Georgia Dept. of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)). Thus, "[n]o action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000). However, a plaintiff's unexhausted claims can be heard if they are "like or related to, or grew out of, the allegations contained in her EEOC charge." *Gregory*, 355 F. 3d at 1279-80.

In her EEOC complaint, Hammond claims that she was denied overtime based on sex, age, race, that she was retaliated against because of her protests regarding preferential treatment of white employees, and that an unidentified white male intimidated, harassed, and threatened Hammond for no apparent reason. Hammond made no allegations in her EEOC complaint regarding a failure to promote, and such a failure to promote claim is not related to a denial of overtime claim.

As Hammond's failure to promote claim was not raised in her EEOC complaint, she failed to meet the exhaustion requirement and this claim is appropriately dismissed prior to

service.[1]  *See Alexander*, 207 F. 3d at 1332 (11th Cir. 2000); *see also Price v. M & H Valve Co.*, 177 Fed. App'x 1, 6 (11th Cir. 2006) (upholding district court's determination that failure to promote claims were barred by plaintiff's failure to timely exhaust administrative remedies).

Further, as the only claim against Keehn relates to Hammond's barred failure to promote claim, Defendant Keehn is due to be dismissed as a party in this case.

### B.    Harassment & Retaliation

Hammond's claim of harassment is also properly dismissed prior to service of process. Hammond offered no factual support of her harassment or retaliation claims in either her Complaint or her Complaint, as amended, despite the Court's warnings that Hammond's Complaint contained fatal defects and lacked factual support.

"Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Although a Title VII complaint need not allege facts sufficient to make out a classic McDonnell Douglas *prima facie* case, it must provide enough factual matter (taken as true) to suggest intentional race discrimination." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal citations and quotations omitted).

---

[1]  In addition, in a non-deferral state such as Alabama, Hammond had 180 days from the date of the alleged discrimination in which to file the EEOC charge.  42 U.S.C. § 2000e-5(e)(1).  Hammond states that Mark Evans, who received the promotion into the packing area, was hired on 16 March 2006.  Hammond's EEOC complaint was filed on 25 March 2008, well beyond the 180-day time limitation.  Thus, Hammond's failure to promote claim is due to be dismissed as time-barred.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred.").

The only allegation regarding harassment in the pleadings is contained in Hammond's EEOC complaint, where she stated that "[o]n March 19, 2008, a white male, intimidated, harassed and threatened me in front of other employees for no apparent reason." (Doc. #11 at 3). Thus the Court is left to speculate about who this white male was, whether he was a supervisor or subordinate of Hammond, if he was similarly situated, or if he was even a fellow employee or simply a passer-by. Further, the Court, would have to speculate as to the nature of the harassment (i.e., whether it was racial, sexual, etc.).

Similarly, the only factual allegation regarding retaliation is found in Hammond's EEOC complaint and not in the Complaint, as amended. Her allegation is that she was retaliated against because she "protested [the] preferential treatment the White employees [were] afforded in the work place." (Doc. #11 at 3). Hammond does not say when she complained, to whom she complained, and what preferential treatment she complained about. Further, the Court is left to speculate when the retaliation occurred and in what form it manifested. The Court could speculate that the retaliation took the form of the denial of overtime, but it appears that the complaints regarding disparate treatment were in regard to the denial of overtime. Such circuitous speculation renders the complaint insufficient. *See Twombly*, 550 U.S. at 555.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). The point is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."

5

*Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Hammond's pleading fails to give Defendant fair notice of either the claim or on which grounds it rests. The Court has given Hammond opportunities to amend her complaint to include the necessary facts to support her claims and she has failed to do so.  Thus, Hammond's harassment claim is due to be dismissed prior to service of process pursuant to the provisions of § 1915(e).

### C. *Denial of Overtime*

Hammond's remaining claim relates to the denial of overtime.  Hammond claims she has been denied overtime on several occasions on the basis of race, age, and gender.  She stated in her EEOC complaint that similarly situated white employees were afforded overtime upon request.  However, in her Complaint, as amended, the only facts relating to the denial of overtime involve Hammond, Mark Evans, and Larue Johnson.  Hammond claims that Evans (a while male who is the packing area planner, as well as a supervisor) would ensure he and his friend, Laure Johnson, would get to work overtime "bagging screws," while Hammond was made to go home at the normal time.  However, Hammond states in her Complaint, as amended, that Johnson is a black male.  Thus, on the face of the Complaint, as amended, Hammond is unable to show that the denial of overtime was due to race and she has failed to plead facts that would entitle her to relief on that claim.  Accordingly, Hammond's claim for denial of overtime on the basis of race is due to be dismissed.

The only claims which remain in this action are the denial of overtime due to gender

and age discrimination.

## III.   CONCLUSION

For the reasons discussed above, it is the RECOMMENDATION of the undersigned Magistrate Judge that: Plaintiff's claims of failure to promote, harassment, and retaliation be DISMISSED; that the claim of denial of overtime based on race be DISMISSED; that Defendant Keehn be DISMISSED from this action; that these dismissals occur without any further opportunity for amendment, and prior to service, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B) (2000); and that the case be referred back to the undersigned for further proceedings on Plaintiff's remaining claims of denial of overtime based on age and gender.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before 22 April 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 9th day of April, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE